UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA,      :
                               :          **SUMMARY ORDER**
           -against-           :
                               :          08-CR-133 (DLI)
JHON J. MURILLO, *pro se*,     :
                               :
                 Defendant.    :
------------------------------------------------------x
**DORA L. IRIZARRY, U.S. District Judge:**

On March 30, 2012, *pro se*[1] defendant Jhon J. Murillo ("Defendant") filed this motion requesting that the court "issue a judgment to the [Bureau of Prisons ("BOP")]" to credit him with time served in pre-trial detainment in Brooklyn, New York, between July 8, 2008 and his sentencing date, October 6, 2010. (*See* Letter from Def., Mar. 19, 2012, Dkt. Entry 86.) The Government argues that the motion should be denied as procedurally deficient or, in the alternative, denied on the merits. (*See* Letter from Government, Apr. 12, 2012, Dkt. Entry 87.) For the reasons set forth below, the court finds that Defendant's motion is procedurally deficient and, thus, the motion is denied.

A claim that the BOP miscalculated credit for time served should be brought as a *habeas corpus* petition under 28 U.S.C. § 2241 ("Section 2241"). *See Roccisano v. Menifee*, 293 F. 3d 51, 57 (2d Cir. 2002) ("Under § 2241, a prisoner may challenge the *execution* of his sentence, such as calculations by the Bureau of Prisons of the credit to be given for other periods of detention, or decisions to deny parole, or conditions of confinement." (emphasis original) (citations and internal quotation marks omitted). However, even if the court were to treat

---

[1] Because defendant is a *pro se* litigant, the court, in deciding this motion, has construed Defendant's papers broadly, interpreting them to raise the strongest arguments they suggest. *See Weixel v. Bd. of Educ. of N.Y.*, 287 F. 3d 138, 146 (2d Cir. 2002).

1

Defendant's motion as a Section 2241 petition, it would be deficient because, among other reasons, Defendant does not allege that he has exhausted his administrative remedies.

The Attorney General, through the BOP, is responsible for the custody of federal prisoners. *See* 18 U.S.C. § 3621(a); *United States v. Wilson*, 503 U.S. 329, 331 (1992). Moreover, it is the Attorney General who computes the amount of credit due a defendant for time served, if any, during presentence custody. *Wilson*, 503 U.S. at 334-35. Prisoners may pursue administrative review of the computation of their credits. *See* 28 C.F.R. §§ 542.10-542.19; *Wilson*, 503 U.S. at 335. Only after exhausting their administrative remedies may prisoners seek judicial review of the challenged computations. *See Wilson*, 503 U.S. at 335-36.

To appropriately exhaust administrative remedies, an inmate must follow a multi-level grievance procedure established by the BOP's Administrative Remedy Program. *See* 28 C.F.R. §§ 542.10-542.19; *see also U.S. v. Lovaglio*, 2007 WL 2752369, at *1 (E.D.N.Y. Sept. 20, 2007). Here, Defendant has not described the results of any administrative review of his claim, let alone that such review was exhausted. Accordingly, Defendant's motion is denied without prejudice to bringing a Section 2241 petition once he has exhausted his administrative remedies.[2]

---

[2] The court notes, however, that Defendant can only obtain credit for time served before sentence was imposed to the extent that his pre-sentence detention "has not been credited against another sentence." *See* 18 U.S.C. § 3585(b).

## CONCLUSION

For the foregoing reasons, Defendant's motion is denied. As Defendant has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253. The court certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this order would not be taken in good faith, and, therefore, *in forma pauperis* is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

DATED:   Brooklyn, New York
         August 17, 2012

_____/s/_____
DORA L. IRIZARRY
United States District Judge